**BROGDEN v. ROBERTSON, Commissioner of Patents.**

No. 5727.

Court of Appeals of the District of Columbia.

Argued March 14, 1933.

Decided April 10, 1933.

Roy F. Steward, of New York City, and Clarence O. McKay and Melvin W. Sandmeyer, both of Washington, D. C., for appellant.

T. A. Hostetler, Solicitor of the Patent Office, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District dismissing appellant's bill against the Commissioner of Patents under section 4915, Rev. St. (U. S. C., tit. 35, § 63 [35 USCA § 63]).

Claim 1 is representative of the fourteen claims of the application, and reads as follows: "In the preservative treatment of fresh citrus fruit to protect the same against

blue mold and other forms of decay, the process which comprises applying to fresh citrus fruit a solution of a solid mold-retarding agent for a period of time sufficiently long to ensure adequate impregnation of exposed rind tissues therewith, said solution being sufficiently strong to leave a noticeable surface deposit of said mold-retarding agent on the fruit if allowed to dry thereon in full strength, *rinsing excess of said agent from the surface of the fruit while avoiding removal of so much as would destroy the resistance of the fruit to blue-mold decay, and then allowing the surface of the fruit to dry.*"

The italicized words are relied upon by the applicant as imparting novelty over the prior art.

The court below was of the view that claim 14 of the Brogden-Trowbridge patent, No. 1529461, contains the step of removing excess borax from the fruit previously treated in a borax solution, and that the decision in American Fruit Growers, Inc., v. Brogdex Co., 283 U. S. 1, 51 S. Ct. 328, 75 L. Ed. 801 (holding the Brogden-Trowbridge patent invalid), is decisive of this case.

Claim 14 of the Brogden-Trowbridge patent, after providing for the application to the fruit of a wet solution of borax of sufficient strength to prevent blue mold decaying the fruit, reads: "And further treating the fruit at subsequent stages in its travel to effect removal of surface moisture *and surface excess of borax, while avoiding removal of borax to such an extent as would destroy resistance of the fruit to blue-mold decay.*" How to remove "surface excess of borax" is explained in the patent specification as follows: "It is permissible within the scope of the invention to rinse the fruit with clean water containing no treating reagent after it leaves the washing machine and before it enters the drier."

The court in the *Fruit Growers Case,* after quoting from the specification of the Brogden-Trowbridge patent, said: "Petitioner (American Fruit Growers, Inc.), admits ownership of plants which pack and sell citrus fruits and that when preparing these for market it caused them to be dipped in a borax solution in order to prevent or retard decay incident to growth of blue mold. Under the treatment applied the raw fruit is immersed in a cold or warm solution of borax or boric acid, permitted to remain until thoroughly wet, *then rinsed,* dried and brushed. Infringement is admitted, if the patent is valid." (Italics ours.)

This language is consistent with no other view than that the claims of the Brogden-Trowbridge patent (including claim 14) covered the rinsing step. If, therefore, the claims of the present application should be allowed, the public would be prevented from practicing the process disclosed in the Brogden-Trowbridge patent, and which under the decision of the court in the *Fruit Growers Case* is open to the world.

The decree must be affirmed.

Affirmed.